MERRITT HUNT, The (LUTHER v.). See Case No. 8,610.

MERRITT, The MARY. See Case No. 9,222.

## Case No. 9,485.

### MERRIWETHER v. SALINE COUNTY.

[5 Dill. 265.][1]

Circuit Court, W. D. Missouri. 1878.

BONDS—TOWNSHIP—ACT OF LEGISLATURE—HOW PAYABLE—NEGOTIABILITY—DEFENCES.

1. The cases of Foster v. Callaway Co. [Case No. 4,967], and Sherrard v. Lafayette Co. [Id. 12,771], cited.

2. The bonds in suit, not being promises to pay money absolutely, are not negotiable, and are, therefore, open, in the hands of any holder, to defences which would have been available against the payee.

[Cited in Chaffee v. Rutland R. Co., 55 Vt. 123.]

3. A township bond containing a statement that "it is to be converted into a county bond" whenever a certain injunction shall be finally dissolved, and county bonds issued under the order enjoined, not being a promise to pay money absolutely, but a stipulation for bonds thereafter to be issued, is not negotiable in such a sense as to preclude the maker from defences, although it may be held by the plaintiff for value before due, and without actual notice of the maker's defences.

Action on township bonds issued under the act of March 23d, 1868. The cause was submitted to the court on agreed facts.

T. K. Skinker, for plaintiff.

Graves & Rathburn and T. C. Fletcher, for defendant.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

KREKEL, District Judge. This suit is brought on coupons detached from Saline county bonds, issued in payment of a subscription of Marshall township, in Saline county, to the capital stock of the Louisiana and Missouri River Railroad. A vote was had under the so-called township act of March 23d, 1868, and the requisite two-thirds vote of those voting was given in favor of the subscription, on certain conditions embodied in the order of the county court. Saline county, as such, prior to the subscription of Marshall township, had made a county subscription of $400,000 to the same railroad. This last subscription had been attacked for illegality in the circuit court of Saline county, and such proceedings were had in the case as resulted in perpetually enjoining the issuing of the bonds. The ground mainly relied on in opposition to the issuing of the bonds was the unconstitutionality of the amendment of the charter of the said railroad company of March 24th, 1868.

The original charter of the Louisiana and Missouri River Railroad Company, granted in 1859, and the several amendments thereto prior to the amendment of March 24th, 1868, authorized the company to build a road from Louisiana, on the Mississippi river, to any point on the Missouri river, and authorized the counties along the line of the road to sub-

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

scribe stock thereto, without having the question of subscription submitted, as required by the constitution of 1865. By the amendment of March 24th, 1868, the railroad company sought to obtain the privilege of extending their road across the Missouri river, and, at the same time, to have the provision regarding subscribing without submission granted to the counties along the line of the extension on the south side of the Missouri river.

Acting under the supposition that these powers had been granted by the amendment, the company applied for and obtained the subscription of $400,000 of Saline county, the issuing of the bonds for which was enjoined. While the proceedings to enjoin were pending, the people of Marshall township, under the act of March 23d, 1868, petitioned the county court of Saline county to submit to the voters of Marshall township the question of subscribing $150,000 in aid of extending the road across the Missouri river, on the condition of building it to Marshall, the county seat of Saline county, and within Marshall township, and the further condition of establishing a depot within half a mile of the town of Marshall. Under this submission a vote was had, resulting in a two-thirds majority in favor of a subscription, and the bonds subscribed.

The constitutional power of the legislature of Missouri to grant powers such as are contained in the amendment of the charter of March 24th, 1868, as well as the negotiability of the bonds issued, are to be considered. Regarding the constitutionality of the amendment of March 24th, 1868, these questions were raised in the supreme court of Missouri, namely: The right to amend the original charter so as to extend the road across the Missouri river; secondly, the granting of the power to subscribe without submission; thirdly, the failing to recite in the title the subject embraced in the act.

Upon two of these questions the supreme court of Missouri has left us in doubt. On the question of the right to extend the road across the Missouri river, and the question of the title of the act, the judges were divided in opinion—the special judge called in deciding against the constitutionality of the amendment on both grounds, Judge Wagner, in a dissenting opinion, reaching an opposite conclusion, and the third judge expressing no opinion. As may be seen in the case of Foster v. Callaway Co. [Case No. 4,967], this court inclined to follow Judge Wagner's views on these questions. Upon the second question, "the granting of the power to subscribe without submission," all the judges agreed that the constitution of 1865 prohibited the legislature from granting such a power, and this court, in the case of Sherrard v. Lafayette Co. [Id. 12,771], followed that decision.

The so-called "Township Act" of March 23d, 1868, under the decision of State v. Linn County Court, 44 Mo. 504, and cases since, has been treated by this court as constitution-

al, the question of its constitutionality never having been directly raised; yet it must be confessed that the intimations in the Harshman v. Bates Co. case [Case No. 6,148] look to a different view. The doubt will soon be solved, as in some of the cases now pending before the supreme court of the United States the question is directly made.

Assuming the so-called "Township Act," of March 23d, 1868, to be constitutional, and the grant of power to extend the railroad across the Missouri river by the amendment of the charter of the company by the act of March 24th, 1868, as within legislative authority, we would hold bonds, so far as these questions are concerned, in conformity to decision rendered by this court prior to the decision of the Harshman v. Bates Co. case [supra]. If the views expressed in the latter case shall be maintained, they would control this case. The question of negotiability and consequent notice remains to be considered.

The Marshall township bonds read as follows: "United States of America, State of Missouri. Saline County Bond. No. 3; Class 'A'; nine years; $100; interest ten per centum per annum. Know all men by these presents, that, on the 1st day of January, A. D. 1880, the county of Saline, in the state of Missouri, promises to pay to the Louisiana and Missouri River Railroad Company, or bearer, the sum of one hundred dollars, at the Bank of America, in the city and state of New York, together with interest at the rate of ten per centum per annum, payable at the said Bank of America on the 1st day of January of each year, on the presentation and delivery of the annexed coupons of interest as they severally become due. This bond is issued in part payment of a subscription of one hundred and fifty thousand dollars made by Marshall township to the capital stock of the Louisiana and Missouri River Railroad Company, pursuant to an order of the county court of Saline county made on the 7th day of September, 1870, and is to be converted and exchanged for bonds of the county of Saline whenever the injunction now covering the subscription of four hundred thousand dollars made by the county court of said county on the 7th day of February, 1868, to said Louisiana and Missouri River Railroad Company shall be finally dissolved, and bonds issued under said order. In testimony whereof," etc.

The $400,000 of Saline county bonds referred to on the face of these Marshall township bonds were never issued, but their issue was enjoined, as stated. It would seem that the recital in the bond sued on, that it "is to be converted and exchanged for bonds of the county of Saline whenever the injunction now covering the subscription of $400,000 made by the county court of said county on the 7th day of February, 1868, to the Louisiana and Missouri River Railroad Company shall be finally dissolved, and bonds issued under said order," quite clearly expresses the intention of the parties. It is not a promise to pay

money absolutely, but a stipulation for bonds thereafter to be issued. Nor does the promise to pay, the manner in which payment is to be made, or the form of the bond, militate against this view, for all of this may well have been set out as indicating the terms and conditions of the new bond thereafter to be issued.

The bonds not being negotiable, notice as to the conditions upon which they were issued attaches. And here we find, from the order of the county court of September 7th, 1870, recited in the bond, and the agreed statement of facts, that they were issued, among others, on the condition that the said road should be graded from the point of crossing the Missouri river to the town of Marshall, and that a permanent depot be established within half a mile of the town of Marshall. The presumption arising from the issuing of said bonds as to the compliance of the conditions on which they were issued is relied on as showing that they were properly issued; and this would be the case were the bonds negotiable and in the hands of innocent holders. The object in making the subscription and issuing the bonds was to aid in the construction of a railroad to the town of Marshall, the county seat of Saline county, and not the having some valueless work done thereon, not accomplishing the object. The building of the railroad, as shown by the agreed facts, has been abandoned, and thus the object of the subscription and the issuing of the bonds defeated. The consideration for which the bonds were issued having failed, the coupons thereof constitute no legal obligation to pay. Judgment is therefore rendered for defendant. Judgment accordingly.

[NOTE. Subsequently the validity of the county bonds was put in issue in the case of Pepper v. Saline County, Case No. 10,972. This case was heard upon demurrer to answer. The bonds were held not negotiable, and therefore subject to the equities set up by defense of noncompliance with conditons on which they were issued. The demurrer was overruled.]